O

# United States District Court
# Central District of California

| | |
|---|---|
| BRIAN WHITAKER,<br><br>            Plaintiff,<br><br>     v.<br><br>MOTEL 6 OPERATING L.P.,<br><br>            Defendant. | Case № 2:20-cv-10624-ODW (PDx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [21]** |

## I.  INTRODUCTION

On September 25, 2020, Plaintiff Brian Whitaker brought this suit against Defendant Motel 6 Operating L.P. in the Superior Court of California, County of Los Angeles.  On November 20, 2020, Defendant removed the case to the Central District of California on the basis of federal question jurisdiction.  (Not. Removal ("NOR") ¶ 5, ECF No. 1.)  Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim.  (Mot. Dismiss ("Mot."), ECF No. 21.)  For the reasons discussed below, the Court **GRANTS** Defendant's Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Whitaker has physical disabilities and uses a wheelchair for mobility. (First Am. Compl. ("FAC") ¶ 1, ECF No. 20.) On September 11, 2020, Whitaker went online to book a room at the Motel 6 at 5101 West Century Boulevard in Inglewood, California ("Inglewood Motel 6"), intending to make a trip to Inglewood sometime in October 2020. (FAC ¶¶ 12, 16.) While trying to book an accessible room for the trip, Whitaker found the information about accessibility at the Inglewood Motel 6 to be insufficient and was unable to make a reservation. (FAC ¶¶ 18–19, 21, 27–30.)

Based on these allegations, Whitaker asserts two causes of action: (1) violation of the Americans with Disabilities Act ("ADA") and (2) violation of the Unruh Civil Rights Act ("Unruh Act"). Motel 6 seeks dismissal of both claims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss, "a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2). Rule 8(a)(2) requires only that the complaint include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Under this standard, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

---

[2] All factual references derive from the Complaint or attached exhibits, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) ("[Leave] is properly denied . . . if amendment would be futile.").

**IV.   JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

"[A] court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In connection with its Motion, Motel 6 requests the Court take judicial notice of (1) the consent decree entered in *United States v. Hilton Worldwide Inc.*, No. 10-1924, Dkt. 5 (D. D.C. Nov. 29, 2010);

1  (2) several recent complaints similar to Whitaker's; and (3) printouts from two parts of
2  Motel 6's website showing the accessibility information the website provides. (RJN,
3  ECF No. 21-2; *Id.* Exs. 1–4, ECF Nos. 21-3 to 21-6.)

4        The first of these, the consent decree, is a "matter of public record" and an
5  appropriate subject of judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689
6  (9th Cir. 2001). "[W]here a court takes judicial notice of another court's opinion . . . ,
7  it may do so not for the truth of the facts recited therein, but for the existence of the
8  opinion, which is not subject to reasonable dispute." *S.B. by and through Kristina B. v.*
9  *Cal. Dept. of Educ.*, 327 F. Supp. 3d 1218, 1228 n.1 (E.D. Cal. 2018). The Court grants
10  judicial notice of the consent decree subject to this limitation.

11        The Court does not rely on the second item (the similar complaints) in ruling on
12  this motion, and Motel 6's second request is therefore denied as moot.

13        The third request (for recognition of printouts from Motel 6's website) is more
14  appropriate for incorporation by reference. "Even if a document is not attached to a
15  complaint, it may be incorporated by reference into a complaint if the plaintiff refers
16  extensively to the document or the document forms the basis of the plaintiff's claims."
17  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Then, "the defendant may
18  offer such a document, and the district court may treat such document as part of the
19  complaint, and thus may assume that its contents are true for purposes of a motion to
20  dismiss under Rule 12(b)(6)." *Id.*; *see Garcia v. Best W. Norwalk Inn, LLC*, No. CV 21-
21  2025 DSF (JDEx), 2021 WL 4260406, at *2 (C.D. Cal. June 14, 2021) (recognizing
22  screenshots of hotel website through incorporation by reference); *see also Daniels-Hall*
23  *v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) ("Plaintiffs directly quoted the
24  material posted on these web pages, thereby incorporating them into the Complaint.").
25  Moreover, Whitaker does not dispute the authenticity of the printed website materials.
26  The Court therefore recognizes the printed website materials as incorporated by
27  reference into the Complaint.

28

## V.  DISCUSSION

Whitaker asserts two causes of action against Motel 6: for violation of 28 C.F.R. § 36.302(e) ("Reservations Rule") under the ADA, and for violation of the Unruh Act. (*See* FAC ¶¶ 33–40.)  As discussed below, Whitaker fails to state a claim against Motel 6 for violation of the Reservations Rule, warranting dismissal of most of the action on substantive grounds and the remainder of the action on procedural grounds.

**A.  Americans with Disabilities Act (Claim One)**

Whitaker contends Motel 6's reservation system violates the Reservations Rule by failing to provide sufficiently specific accessibility information to allow him to make an informed choice about whether the room suits his needs. (*See* FAC ¶ 21.)  Under the Reservations Rule, a hotel must, among other things, "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."  28 C.F.R. § 36.302(e)(1)(ii).  Whitaker argues the Motel 6 website violates this provision because it lacks sufficient information regarding three specific areas of inquiry: the existence of grab bars, (FAC ¶ 22), the knee clearance and plumbing insulation under the lavatory sink, (FAC ¶ 23), and the clear space next to the bed, (FAC ¶ 24).

Whitaker's claim fails for two reasons.  First, he has no standing because he has not alleged that Motel 6 violated *his* rights under the ADA.  Second, and more generally, the claim fails because Motel 6's website in this case contains all the accessibility information required by the ADA.

*1.  Whitaker's ADA Rights*

Both Article III standing and standing under the ADA require that a plaintiff bringing suit "have suffered, or will imminently suffer, actual harm" from the defendant's actions. *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) (quoting *Lewis v. Casey,* 518 U.S. 343, 349 (1996)).  Here, Whitaker has not suffered actual harm because the website does in fact provide him with all the

information he alleges he sought, and in that sense, his rights under the ADA have not been violated.

The website in this case indicates that each of its ADA rooms is a "Mobility Accessible Room With A Bathtub And Shower Combo With Grab Bars." (RJN Ex. 4 ("ADA Room List"), ECF No. 21-6.) "Accessible" is a term of art that has a specific meaning under the ADA. A place of accommodation, or an aspect thereof, is accessible if it complies with either the 1991 or the 2010 ADA Standards for Accessible Design. 28 C.F.R. § 36.406; *see also Brooklyn Ctr. for Indep. of Disabled v. Bloomberg*, 980 F. Supp. 2d 588, 598 n.3 (S.D.N.Y. 2013) ("'Accessible' is a term of art in the context of addressing the needs of people with disabilities. . . . [R]egulations issued pursuant to the ADA by the United States Department of Justice provide standards for determining whether a particular facility or service is accessible to people with disabilities.") Because "accessible" is a term with a specific meaning under the ADA, a guest reading a listing indicating a room is "accessible" knows that the room in question complies with the regulations issued pursuant to the ADA.

Applying this principle to the case at hand, one of Whitaker's complaints is that the website did not contain sufficient information about clearance space under the bathroom sink. (FAC ¶ 23.) But the 2010 Standards set forth a detailed set of regulations regarding the amount of knee and toe clearance that is required under sinks. *See* 36 C.F.R. Part 1191, Appendix D (2009) ("2010 Standards"); *id.* §§ 306.2 (toe clearance), 306.3 (knee clearance). Therefore, by using the word "accessible" to describe one of its rooms, Motel 6 has properly communicated that ADA-compliant knee and toe clearance exists at the bathroom sink in that room. In this sense, Motel 6's website does indeed provide Whitaker with the information he sought regarding bathroom sink clearance space.

The same analysis applies to Whitaker's allegation that the website lacks sufficient information about grab bars, (FAC ¶ 22), and clear space around the bed, (FAC ¶ 24).

Whitaker argues that the term "accessible" is conclusory in this context and earnestly argues that the Reservations Rule's drafters could not have meant to pass a regulation that could be complied with so easily. (Opp'n Mot. Dismiss ("Opp'n") 18–19, ECF No. 22.) But as another district court aptly observed, a proprietor's "use of the term 'accessible' is not merely conclusory, it means that the features in the hotel defined by [the proprietor] as 'accessible' comply with the" ADA. *Garcia v. Chamber Maid L.P. et al.*, No. 2:20-cv-11699-PA (PDx), 2021 WL 3557832, at *4 (C.D. Cal. Mar. 15, 2021); *see also Garcia v. Gateway Hotel*, No. CV 20-10752-PA (GJSx), 2021 WL 936176 at *4 (C.D. Cal. Feb. 25, 2021) (collecting cases and making the same observation).

The parties remain sharply divided on this issue despite the growing chorus of district courts finding in favor of the hotels on this point. This Court need not repeat the refrain but will instead add its own short verse. The conflict appears to stem from an unrecognized disagreement about the difference between a defined term and a legal conclusion. In law school, attorneys-to-be are trained to dutifully avoid "conclusory" terms because such terms are generally devoid of meaning and do little to advance the substance of an argument. On the other hand, attorneys can and indeed necessarily do use defined terms on a regular basis in legal writing and speaking.

The key difference between a legal conclusion and a defined term is this: one can reach a conclusion in *many* ways, whereas a thing typically meets a definition in only *one* way or in a limited number of ways. Black's Law Dictionary defines "conclusion" as, among other things, "an inferential statement," and there is no requirement that the inferences used to reach said inferential statement be the *only* set of inferences that can possibly lead to the inferential statement. *Conclusion*, Black's Law Dictionary (11th ed. 2019). On the other hand, Black's notes that "the aim of every definition is to enable specified objects to be recognized by means of a word," reinforcing the idea that using a defined term to describe something typically *limits* the thing described to the criteria provided by the term's definition. *Definition*, Black's Law Dictionary (11th ed. 2019)

1  (quoting 13 Pierre de Tourtoulon, *Philosophy in the Development of Law* § 1, at 329–30 (Martha McC. Read trans., 1922)).)

As a simple example, the assertion "Defendant was negligent" is conclusory and generally devoid of meaning because there are countless ways for a defendant to be negligent, and merely labelling the act or omission with a conclusion tells the reader nothing about the defendant's actual activity. By contrast, when one uses a defined term to describe something, one communicates definite meaning, because one has asserted that the thing possesses *all* the qualities provided in the definition of the term. Otherwise, the thing does not meet the definition.

Here, "accessible" is a defined term, not a conclusion. There is not a multiplicity of ways for a hotel room to be accessible. Instead, there is exactly one way for a hotel room to be accessible: it must comply with the standards set forth by the ADA Standards for Accessible Design. Thus, when Whitaker read on the website that the room was "accessible," he could properly conclude that (1) the bathroom had grab bars in the required locations, (2) the sink had proper clearance or insulation; and (3) there was sufficient clear space next to the bed. Motel 6's website therefore provided Whitaker with all the information he alleges he is entitled to under the ADA. In this sense, Whitaker's rights under the ADA were not violated, and he has not suffered any actionable harm.

2.  *Sufficiency of Information on Website*

In addition to the lack of harm to Whitaker, Motel 6 contends its website complies with the ADA, as interpreted by the Department of Justice's 2010 guidance ("DOJ 2010 Guidance"). (Mot. 6–21.) Motel 6 is correct.

In its 2010 Guidance, the DOJ provided:

> A reservations system is not intended to be an accessibility survey. . . . Because of the wide variations in the level of accessibility that travelers will encounter, . . . it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g.,

8

> deluxe executive suite), the size and number of beds (e.g., two queen beds), [and] the type of accessible bathing facility (e.g., roll-in shower).

28 C.F.R. § Pt. 36, App. A, Section 36.302(e) Hotel Reservations. "The DOJ's interpretation of its ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014). This Court joins the many courts in the Central District and elsewhere that have found the DOJ 2010 Guidance to be consistent with the underlying regulation and therefore deserving of controlling weight. *See, e.g., Arroyo v. AJU Hotel Silicon Valley LLC, et al.*, No. 4:20-cv-08218-JSW, 2021 WL 2350813, at *4 (N.D. Cal. Mar. 16, 2021) (giving DOJ 1010 Guidance "substantial deference").

Here, Motel 6's reservation website provides information regarding the features, facilities, and common areas of the hotel that are accessible. (RJN Ex. 3 ("Motel Accessibility List"), ECF No. 25.). The website provides further accessibility information for the various types of ADA rooms at the hotel. (*See* ADA Room List.) The reservation website describes the accessible rooms as "Mobility Accessible" with a "Bathtub And Shower Combo With Grab Bars." (*Id.*) The ADA Room List indicates the type of each room and the size and number of beds. (*Id.*) Thus, based on the allegations in Whitaker's Complaint and the website printouts that are incorporated by reference, and making all reasonable inferences in Whitaker's favor, Motel 6's website complies with the Reservations Rule, both as written and as qualified by the 2010 DOJ Guidance. Accordingly, Whitaker has not alleged plausible entitlement to relief. *Iqbal*, 556 U.S. at 678.

Whitaker attempts to reduce the 2010 DOJ Guidance to "some musings" made in the context of a "might/might not sort of discussion." (Opp'n 6.) The Court will not presume the DOJ publishes empty musings and rejects this reading of the 2010 DOJ Guidance. The DOJ would not have published a detailed example of what "may" be

compliant unless its example of compliance *was actually compliant* in a material number of cases.

In this sense, the 2010 DOJ Guidance is somewhere between an empty musing, as Whitaker urges, and an exhaustive checklist of requirements, as some Reservations Rule defendants have urged. The 2010 DOJ Guidance provides an example of what is enough for the typical "hotel[] that w[as] built in compliance with the 1991 Standards." (2010 DOJ Guidance.) When, as here, the defendant has provided on its website the information listed in the DOJ Guidance's example, it falls to the plaintiff to plead and argue why his or her case is exceptional and why more information is required. Whitaker has not done so in this case; Motel 6's website sufficiently tracks the 2010 DOJ Guidance, and nothing about this case suggests more should be required.

Finally, as for Whitaker's suggestion that the problem is that hotels advertise their ADA rooms as accessible when they are not in fact so, this is neither the theory of Whitaker's case nor the harm he is alleging in this instance. (Opp'n 3–4.)

Accordingly, the Court concludes that Motel 6's website complies with the ADA and the Reservations Rule as a matter of law, and Whitaker therefore fails to state a claim for violation of the ADA. As the Court finds Motel 6's website ADA-compliant, any amendment would be futile, and the Court therefore **DISMISSES** the ADA claim **without leave to amend and with prejudice**.

### B. Unruh Civil Rights Act (Claim Two)

California's Unruh Civil Rights Act guarantees that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments in the state. Cal. Civ. Code § 51(b). A California business establishment violates the Unruh Act when it "denies" or "makes any discrimination or distinction contrary" to this guarantee. *Id.* § 52(a). Separate and apart from this statutory language, a business establishment's violation of the ADA constitutes a *per se* violation of the Unruh Act. *Id.* § 51(f). Here, it appears Whitaker's Unruh Act claim is based on both an underlying ADA violation, (FAC ¶ 38), and an independent Unruh Act

violation, (FAC ¶ 37).

When an ADA claim fails as a matter of law, so to does the analogous ADA-predicated Unruh Act claim. *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015). Therefore, to the extent Whitaker's Unruh claim is predicated on the ADA, it is likewise **DISMISSED without leave to amend and with prejudice.**

This leaves the portion of the Unruh Act claim that arises directly from the California statute. A district court "'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) ("Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice.").

Whitaker's ADA claim provided the only basis for original jurisdiction. As the Court has dismissed Whitaker's ADA claim, it declines to exercise supplemental jurisdiction over what remains of his state law claim. Accordingly, the independent, non-ADA-derivative aspect of Whitaker's Unruh Act claim is **DISMISSED without leave to amend and without prejudice.**

## VI.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Motel 6's Motion to Dismiss. (ECF No. 21.) The Court **DISMISSES** the ADA claim and the ADA-derivative Unruh Act claim **WITHOUT LEAVE TO AMEND and WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over the independent, non-ADA-derivative aspect of the Unruh Act claim and **DISMISSES** that

claim **WITHOUT LEAVE TO AMEND and WITHOUT PREJUDICE**. The Court will issue Judgment consistent with this Order.

      **IT IS SO ORDERED.**

October 14, 2021

                                            **OTIS D. WRIGHT, II**
                                    **UNITED STATES DISTRICT JUDGE**